UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| BBC CHARTERING & LOGISTIC GmbH & CO. KG | § § § | |
| *Plaintiff* | § § | CIVIL ACTION NO. _____ |
| V. | § § | **ADMIRALTY** |
| THOMPSON LOGISTIC LTD., and GREAT EASTERN ENERGY CORPORATION, LTD. | § § § § § | Pursuant to Rule 9(h) of the Federal Rules of Civil Procedure |
| *Defendants* | § | |

## **VERIFIED COMPLAINT**

1. This is an action within this Court's admiralty jurisdiction pursuant to 28 U.S.C. §1333, 28 U.S.C. §1330, Supplemental Rule B for Certain Admiralty and Maritime Claims, Fed. R. Civ. P. 9(h), and the supplemental jurisdiction of this Court pursuant to 28 U.S.C. § 1367. Jurisdiction also lies in this Court pursuant to 28 U.S.C. §1367, in that the claims against the defendants are so related to claims in the action within the Court's original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

2. Jurisdiction and venue are proper in this Court because the property owned by the defendant is presently located within this District.

3. At all times material, the plaintiff, BBC Chartering & Logistic GmbH & Co. KG (hereinafter referred to as "BBC"), was a foreign corporation organized and existing under the laws of a state other than the State of Texas, with its principal offices in Leer, Germany, and which was and is engaged in the business of operating vessels for the carriage of goods by sea. Specific to this action, BBC is the time charterer of the M/V BBC MONTANA.

4.      At all material times, defendant, Thompson Logistic, LLC, *dba* Thompson Logistic Limited (hereinafter referred to as "Thompson") was a company or similar business entity with its principal place of business in New York City, New York.

5.      Thompson is not found within this District within the meaning of Supplemental Admiralty Rule B.

6.      At all material times, defendant, Great Eastern Energy Corporation Limited (hereinafter "GEECL"), was a foreign company or similar business entity with its principal place of business believed to be in Haryana, India.

7.      GEECL is not found within this District within the meaning of Supplemental Admiralty Rule B

8.      This is an action to obtain jurisdiction over Thompson and GEECL, and to obtain security for any judgment or award eventually entered against them.

9.      On or about August 16, 2011, BBC, as time charterer and through its agent, BBC Chartering USA, LLC, entered into a booking with Thompson, as shipper / merchant / agent, for the ocean transport of sixteen (16) packages said to contain component parts of a compressor engine, coolers and associated equipment aboard the "M/V BBC MONTANA OR SUB" from Manchester Terminals in Houston, Texas, to Kolkata or Haldia, India, at owners option.  *See* Booking Note No. 11-415, attached hereto as Exhibit A.

10.     The Booking Note identified the freight details as "USD 190.00 W/M OCEAN FREIGN BSS MIN 1370 CBM", the "Time for shipment (about) SEPTEMBER 7-22, 2011", the "Number and kind of packages, Machine, Weight in each Machine, Measurement of each machine Inc." as follows: "4, Compressor Engine,  135000 lbs each, 456 x 151 x 152 ins LWH"; "4, Coolers, 40000 lbs each, 312 x 158 x 172 ins LWH", "192 x 196 x 90 ins LWH"; "4, Crates

Components, 15000 lbs each, 192 x 96 x 90 ins LWH"; and "4, Crates Components, 10000 lbs each, 144 x 48 x 46 ins LWH."  The Booking Note includes the following terms and conditions:

> 10. Loading and Discharging
>
>     (d) The Merchant or his Agent shall tender the cargo when the vessel is ready to load and as fast as the vessel can receive, including, if required by the Carrier, outside ordinary working hours notwithstanding any custom of the port.  If the Merchant or his Agent fails to tender the cargo when the vessel is ready to load or fails to load as fast as the vessel can receive the cargo, the Carrier shall be relieved of any obligation to load such cargo, the vessel shall be entitled to leave the port without further notice and the Merchant shall be liable to the Carrier for dead freight and/or any overtime charges, losses, costs and expenses incurred by the Carrier and in addition the Merchant shall be liable to pay the Carrier detention at the rate USD 20,000 per day pro rata, payable day by day (or such other sum as is stated on the face of the Bill of Lading) for the period of any delay.
>
> 11. Freight, Deadfreight, Charges, Costs, Expenses, Duties, Taxes and Fines
>
>     (h) In the event that the Merchant fails for whatever reason to tender or load the cargo or part thereof, the Carrier shall be entitled to damages and/or deadfreight in respect of the cargo not loaded and such damages shall be quantified on the basis of the applicable freight rate, less stevedoring and port costs saved as a consequence.  The Carrier shall not be required to call the loadport in order to be entitled to damages and/or deadfreight under this paragraph.  If the vessel has arrived at the loadport but the cargo is unavailable for whatever reason, the Carrier may, at the Carrier's election, leave after 48 hours and full deadfreight shall be due.
>
> 12. Lien
>
>     The Carrier shall have a lien on all cargo for any amount due (including freight, detention, demurrage, and other costs or expenses) under this Contract and other contracts between the Merchant and the Carrier and costs of recovering the same (including attorney's fees) and shall be entitled to sell the cargo privately or by auction to satisfy any claims or liens at the specified discharge port or other port.
>
> SPECIAL CLAUSES
>
> B. U.S. Trade.  Period of Responsibility

> *(i)  In case the Contract evidenced by this Bill of Lading covers a shipment to or from a port in the United States, including any US territory, the U.S. Carriage of Goods by Sea Act of the United States of America 1936 (U.S. COGSA) shall apply.  The provisions stated in said Act shall govern before loading, and after discharge and throughout the entire time the cargo is in the Carrier's custody and in which event freight shall be payable on the cargo coming into the Carrier's custody.  For U.S. trades, the terms on file with the U.S. Federal Maritime Commission shall apply to such shipments.  In the event that U.S. COGSA applies, then the Carrier may, at the Carrier's election commence suit in a court of proper jurisdiction in the United States in which case this court shall have exclusive jurisdiction.*

*See Id.*

11. Thompson notified BBC by email that they would not be able to provide the cargo within the shipping period established by the Booking Note. *See* Exhibit B (e-mail correspondence).

12. Notwithstanding that BBC had sustained a loss resulting from Thompson's failure to ship the cargo on the agreed upon dates, BBC in good faith agreed to amend the shipping period to reflect shipment dates of between October 15-October 31 2011, with a date for delivery of the cargo to Houston of between October 7-October10, 2011. *See* Exhibit B.

13. Thompson contacted BBC by e-mail on October 6, 2011, and indicated that they would not ship the cargo with BBC unless BBC agreed to a freight rate substantially below the amount set forth in the applicable Booking Note. *See* Exhibit B.

14. BBC notified Thompson that they would not agree to modify the terms of the Booking Note, and further put Thompson on notice that should Thompson fail to ship the cargo as required under the terms of the Booking Note, BBC would deem this a material breach. *See* Exhibit B.

## COUNT 1 – BREACH OF MARITIME CONTRACT

15. BBC incorporates and reasserts the allegations contained in Paragraphs 1 through 14 as if fully set forth herein.

16. BBC brings this claim *in personam* against Thompson and GEECL, as more fully set out above, because Thompson entered into a maritime contract with BBC either in their own right and/or as agent on behalf of GEECL.

17. BBC performed its obligations under the contract; Thompson and GEECL, on the other hand, failed to comply with the terms of the agreement, and now refuse to pay contractual deadfreight despite amicable demand.

18. Accordingly, Thomson and/or GEECL are in breach of the contract as of October 6, 2011, and they are therefore indebted to BBC for deadfreight in the approximate amount of $260,300.00, plus certain other expenses.

## COUNT II – MARITIME ATTACHMENT AND GARNISHMENT PROPERTY OF DEFENDANTS

19. BBC incorporates and reasserts the allegations contained in Paragraphs 1 through 15 as if fully set forth herein.

20. Despite a diligent search, neither Thompson nor GEECL can be located within this District, but their assets are located within this District and within the jurisdiction of this Court.

21. Thompson and GEECL's assets within this District consist of the cargo subject to the anticipated carriage at issue, the compressor engine, coolers, and component parts described in the Booking Note. *See* Exhibit A.

22. The cargo is currently located or will soon be located at Manchester Terminals, 10,000 Manchester Ave., Suite A, Houston, Texas 77012.

23. The Property may be attached pursuant to Supplemental Rule B of the Federal Rules of Civil Procedure and sold to satisfy the claims herein.

24. BBC is not seeking this attachment for the purpose of injuring or harassing the defendants.

25. BBC will be prejudiced in its recovery against Thompson and/or GEECL absent a process of maritime attachment.

26. BBC seeks an order from this Court directing the Clerk of Court to issue a Process of Maritime Attachment, pursuant to Rule B of the Supplemental Rules, attaching *inter alia*, not only the Property described herein, but also any other assets belonging to Thompson and/or GEECL which may be found in this District for the purposes of obtaining personal jurisdiction over the defendants as well as to secure BBC's claims.

27. BBC avers that exigent circumstances exist which make this Court's review impracticable, and that this Court should direct the Clerk to immediately issue a warrant for process of maritime attachment of the property.

**WHEREFORE**, BBC Chartering & Logistic GmbH & Co. KG respectfully demands judgment, and pursuant to Supplemental Admiralty Rule (E)(1) prays as follows:

(A) That process according to the practice of this Court be issued against Thompson and GEECL;

(B) That if Thompson and GEECL cannot be found within the District, as stated in the affidavit attached hereto, that all of its property within the District be attached as set forth in this Complaint, with interests and costs, in an amount including:

(C)   $260,300.00, plus other associated costs and expenses;

(D)   attorneys' fees as determined to be reasonable by the Court;

(E)   costs and expenses *in custodia legis* be awarded, plus such additional costs and expenses as may occur during the pendency of this action;

(F)   that Thompson and GEECL's property as attached herein be condemned and sold to satisfy any judgment;

(G)   that BBC have pre-and post-judgment interest and such other and further relief as may be just and proper; and

(H)   that this Court maintain jurisdiction over this matter through the entry of judgment or award, for any current claims, or those which may arise in the future, including any appeals.

Respectfully submitted,

*/s/ James T. Bailey*
Jason P. Waguespack, T.A.
  Federal I.D. No. 268357
James T. Bailey
  State Bar No. 24031711
  Federal I.D. No. 33047
GALLOWAY, JOHNSON, TOMPKINS, BURR & SMITH
1301 McKinney, Suite 1400
Houston, Texas 77010
Telephone:  (713) 599-0700
Telecopier:  (713) 599-0777

OF COUNSEL:
Frederick W. Swaim III (LA #28242)
GALLOWAY, JOHNSON, TOMPKINS, BURR & SMITH
701 Poydras Street, 40th Floor
New Orleans, Louisiana 70139
Telephone:  (504) 525-6802
Telecopier:  (504) 525-2456
ATTORNEYS FOR PLAINTIFF
BBC CHARTERING & LOGISTIC GMBH & CO. KG

7

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| BBC CHARTERING & LOGISTIC GmbH & CO. KG § § § *Plaintiff* § § V. § § § THOMPSON LOGISTIC LTD., and § GREAT EASTERN ENERGY § CORPORATION, LTD. § § *Defendants* § | CIVIL ACTION NO. _____ **ADMIRALTY** Pursuant to Rule 9(h) of the Federal Rules of Civil Procedure |

**VERIFICATION**
**Pursuant to Supplemental Admiralty Rule B(1)(a)**

Pursuant to 28 U.S.C. §1746, I declare under the penalty of perjury that the following is true and correct to the best of my knowledge and/or information and belief:

1. I, Andrei Kharchanka, am an authorized representative (Manager of Risk, Claims and Litigation) for BBC Chartering & Logistic GmbH & Co. KG;

2. I have read the forgoing Complaint and believe the allegations contained therein are true and correct; and

3. That such belief is based upon my personal knowledge and review of the exhibits attached to the foregoing Complaint, as well as other business records and correspondence.

_____
Andrei Kharchanka
Manager of Risk, Claims and Litigation